IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROBERT MILLER,

                Plaintiff,

v.                                              CIVIL ACTION NO. 5:17-cv-04526

JP MORGAN CHASE BANK, N.A., and
RUSHMORE LOAN MANAGEMENT SERVICES, LLC,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Defendant JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiff's Complaint* (Document 16), *Defendant JPMorgan Chase Bank N.A.'s Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff's Complaint* (Document 17), *Plaintiff's Response to Defendant JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiff's Complaint* (Document 19), the Plaintiff's *Memorandum in Support of Plaintiff's Response to Defendant JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiff's Complaint* (Document 20), and the *Defendant JPMorgan Chase Bank, N.A.'s Reply Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff's Complaint* (Document 22). The Court has also reviewed *Rushmore Loan Management Services, LLC's Joinder in JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiff's Complaint* (Document 21), *Rushmore Loan Management Services, LLC's Memorandum of Law in Support of Its Joinder in JPMorgan*

*Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiff's Complaint* (Document 23), *Plaintiff's Response to Defendant Rushmore Loan Management Services, LLC's Joinder in JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiff's Complaint* (Document 24), and the *Plaintiff's Memorandum in Support of Plaintiff's Response to Defendant Rushmore Loan Management Services, LLC's Joinder in JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiff's Complaint* (Document 25). For the reasons stated herein, the Court finds that the Defendants' motions should be construed as a joint partial motion to dismiss and should be granted in part and denied in part.

**PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

The Plaintiff, Robert Miller, initiated this action by filing a Complaint (Document 1) in this Court on December 12, 2017. Mr. Miller obtained a mortgage loan from Defendant JPMorgan Chase Bank, N.A. (JPMorgan), and JPMorgan serviced his mortgage until January of 2016, at which point the mortgage was transferred to Rushmore Loan Management Services, LLC (Rushmore). Prior to 2015, Mr. Miller had work performed on the roof of his house which was eventually found to be defective and which resulted in a leak that caused damage to the home. Mr. Miller filed an insurance claim though his homeowner's policy.

Mr. Miller's homeowner's insurance company issued a check for $24,367.95 for the necessary repairs. Because JPMorgan escrowed Mr. Miller's homeowner's insurance payments and paid his insurer through those escrow payments, Mr. Miller's insurer issued the check both to him and to JPMorgan. JPMorgan therefore informed Mr. Miller that he would need to "endorse the check and send it to JPMorgan . . . and [it] would disburse the insurance proceeds to him as

the work was conducted." (Compl., at ¶ 13.) Mr. Miller endorsed the check and sent it to the JPMorgan branch in Beckley, West Virginia, and proceeded to hire a contractor to repair his roof.

As repairs were conducted, however, JPMorgan failed to disburse the insurance proceeds from the check. Mr. Miller paid the contractor $13,700.00 out of pocket, but could not afford to continue payment, and the contractor postponed the roof repair. Mr. Miller made requests from both JPMorgan and Rushmore for distribution to the contractor of the insurance proceeds but alleges that neither entity made any payments. Mr. Miller is unaware if JPMorgan sent the proceeds of the insurance check to Rushmore when the mortgage was transferred to Rushmore for service, or if JPMorgan retained the proceeds. Rushmore has had Mr. Miller's roof inspected on two occasions but continues to refuse to disburse the funds. Mr. Miller alleges that the conditions of his roof have worsened since the Defendants' failure to disburse the funds, and that "the damage has now become much more significant and costly than the original estimate, including damage to other parts of the home," including moisture damage. (*Id.* at ¶ 22-23.)

Mr. Miller's complaint alleges five causes of action: violations of the West Virginia Consumer Credit and Protection Act (WVCCPA) in Count I, Conversion in Count II, Breach of Contract in Count III, Common Law Negligence in Count IV, and a violation of Article 2 of the Uniform Commercial Code in Count V. The Defendant's partial motion to dismiss counts I, III, IV, and V has been fully briefed and is ripe for review by the Court.

**STANDARD OF REVIEW**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli,* 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson,* 521

F.3d 298, 302 (4th Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover, "a complaint [will not] suffice if it tenders naked assertions devoid of further factual enhancements." *Iqbal,* 556 U.S. at 678 (*quoting Twombly,* 550 U.S. at 557) (internal quotation marks omitted).

The Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Iqbal,* 556 U.S. at 679. Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 570). A plaintiff must, using the complaint, "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557). "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

**DISCUSSION**

The Defendants[1] move to dismiss Counts I, III, IV, and V of the Plaintiff's complaint. The Court will address each of these arguments.

    A. *Count I: WVCCPA Claim*

The Defendants move to dismiss Count I of the Plaintiff's complaint, which alleges that JPMorgan violated the WVCCPA by "engaging in the unfair and deceptive act of retaining the Plaintiff's insurance payment despite Plaintiff repeatedly providing the Defendants with the information they need," in violation of W. Va. Code § 46A-6-104. (Compl., at ¶ 28.) The Defendants argue that the Plaintiff has failed to state a plausible claim for relief under this section

---

[1] Defendant Rushmore filed a motion entitled *Joinder in JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiff's Complaint* (Document 23) wherein it made arguments nearly identical to those purported by JPMorgan in its motion to dismiss. Based on these arguments, the Court construes this motion as a joint motion to dismiss the counts in question and will rule on them as one joint motion.

of the WVCCPA because the alleged unfair or deceptive practice was not conduct involving trade or commerce as required by the statute. The Defendants argue that the conduct at issue merely involved the Plaintiff sending a check, and that this does not constitute "goods or services" within the WVCCPA's definition of trade or commerce. Thus, the Defendants argue that the conduct is not covered by the section of the WVCCPA the Plaintiff relies on, and he does not state a claim for which relief can be granted. The Plaintiff counters that the Defendants were by name "mortgage servicers," and therefore were engaged in trade and commerce.

Pursuant to W.Va. Code § 46A-6-104, "[u]nfair methods of competition and unfair or deceptive acts or practices *in the conduct of any trade or commerce* are hereby declared unlawful." (emphasis added). The same statute defines "'trade' or 'commerce'" as "the advertising, offering for sale, sale or distribution of any *goods or services* and shall include any trade or commerce, directly or indirectly, affecting the people of this state." W.Va. Code § 46A-6-102(6) (emphasis added). Because the Plaintiff brings his WVCCPA claim under Section 46A-6-104, the key inquiry is whether or not the conduct in question, in this case the passing of the insurance check to the Defendants and the Defendants' failure to disburse the proceeds of it, constitute goods or services such that it amounts to trade or commerce.

As the West Virginia Supreme Court has found, article 6 of the WVCCPA does not specifically define the terms "goods" and "services" as they apply to the portion of the WVCCPA in question. *See State ex rel. Morrisey v. Copper Beech Townhome Communities Twenty-Six, LLC*, 806 S.E.2d 172, 181 (W.Va. 2017). However, the general definition section of the WVCCPA defines "goods" as "goods not in existence at the time the transaction is entered into and gift and merchandise certificates, but excludes money, chattel paper, documents of title and

instruments." W. Va. Code § 46A-1-102(21). The same section defines "services" to include "(a) Work, labor and other personal services; (b) privileges with respect to transportation, use of vehicles, hotel and restaurant accommodations, education, entertainment, recreation, physical culture, hospital accommodations, funerals, cemetery accommodations, and the like; and (c) insurance." W. Va. Code § 46A-1-102(47). In examining these definitions in the context of the statute of limitations in the WVCCPA, this Court has previously found that a "[p]laintiff's mortgage does not fall within these definitions" of "sale," "goods," or "services." *Kennedy v. BAC Home Loans Servicing, LP*, No. CIV.A. 3:13-11401, 2013 WL 5274365, at *5 (S.D.W. Va. Sept. 18, 2013) (Chambers, J.); *Hanshaw v. Wells Fargo Bank, N.A.*, No. 2:14-CV-28042, 2015 WL 5345439, at *7 (S.D.W. Va. Sept. 11, 2015) (Johnston, J.) ("Similarly, the [mortgage] Loan is not a 'sale,' as defined by the WVCCPA.").

Here, similar to the findings in *Kennedy* and *Hanshaw*, the Court finds that the mortgage loan in question is not a sale of a good or service. Mr. Miller obtained a loan with JPMorgan for a mortgage, much like the Plaintiff in *Kennedy*, and the conduct he alleges violated the WVCCPA concerns the Defendants' management of that loan and the escrow of insurance payments. However, the Plaintiff has "failed to cite any case law which has ever treated a home mortgage as a sale as that term is defined in article six [of the WVCCPA]." *Kennedy*, 2013 WL 5274365, at *5. Although insurance is specifically defined as a "service" in W. Va. Code § 46A-1-102(47), the conduct by the Defendants does not involve the *sale* of insurance. Because the loan does not fall within the definitions of a sale of goods or services, the Plaintiff cannot claim that the Defendants' conduct is an unfair or deceptive act or practice in the conduct of trade or commerce. Thus, the Defendants' motion to dismiss Count I of the complaint should be granted.

### B. *Count III: Breach of Contract*

The Defendants next seek dismissal of Count III of the Plaintiff's complaint, wherein he alleges breach of contract. The Defendants argue that the Plaintiff's complaint fails to sufficiently plead any contract at all that was entered into by the Plaintiff and the Defendants regarding the payment of insurance proceeds. Because the Plaintiff has failed to plead a specific contract as to distribution of those proceeds, or even a specific provision of the contract that the Defendants breached, the Defendants argue that Count III should be dismissed. The Plaintiff counters that the mortgage loan itself is a contract, and that by failing to appropriately distribute the insurance proceeds from Erie, the Defendants breached that mortgage contract.

"To avoid dismissal of a breach of contract claim under Rule 12(b)(6), West Virginia law requires: 'the existence of a valid enforceable contract; that the plaintiff has performed under the contract; that the defendant has breached or violated its duties or obligations under the contract; and that the plaintiff has been injured as a result.'" *Kennedy*, 2013 WL 5274365, at *6 (quoting *Executive Risk Indem., Inc. v. Charleston Area Med. Ctr., Inc.*, 681 F.Supp.2d 694, 714 (S.D.W.Va. 2009)). "For a claim of breach of contract to be sufficient, a plaintiff must allege in his complaint the breach on which the plaintiffs found their action and the facts and circumstances which entitle them to damages." *Id.*

The Court finds that the Plaintiff has failed to sufficiently allege a breach of contract. The Plaintiff's complaint states that he entered into a mortgage agreement with JPMorgan and that JPMorgan and Rushmore have breached the agreement by failing to apply the proceeds of the insurance check to the Plaintiff's roof repair. The Plaintiff cites no provision of the mortgage agreement, deed of trust, or note to further this allegation, however. He points to no specific

language in the mortgage agreement that requires the Defendant to distribute the insurance proceeds in any particular manner, merely relying on the fact that he entered into a mortgage agreement to suffice. Such an allegation fails to allege any specific contractual provision or language that the Defendants breached and any facts that allege how the Plaintiff failed to live up to a contractual provision. Such a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements, do[es] not suffice . . . [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). Without more than "the Plaintiff and the Defendants had a contract," as the Plaintiff states in paragraph 41 of his complaint and continues to rely on in his response in opposition, the Court cannot find that the Plaintiff has put forth plausible factual allegations that state a claim for relief. The Defendants' motion as to Count III should be granted.

    C.   *Count IV: Negligence*

The Defendants also seek to dismiss the Plaintiff's claim of negligence. The Defendants argue that the Plaintiff has failed to plead any duty or breach of that duty because the Plaintiff relies on a contractual duty that stems from the mortgage contract. The Defendants assert that the Plaintiff must show that a special relationship exists that establishes a tort claim in the contractual relationship, and the Plaintiff has failed to do so. Thus, the Defendants argue that the negligence claim should be dismissed. The Plaintiff counters that the Defendants have "an obligation to run [their] servicing operation in a fashion that is normal and ordinary for the mortgage loan servicing community," and that a common service is escrowing and distributing insurance proceeds, they have failed to live up to that duty. He further contends that he has alleged a duty to train,

9

supervise, and control employees on behalf of the Defendants. He therefore argues that the motion to dismiss the negligence claim should be denied.

"[U]nder West Virginia law, a plaintiff 'cannot maintain an action in tort for an alleged breach of a contractual duty.'" *Ranson v. Bank of Am., N.A.*, No. CIV.A. 3:12-5616, 2013 WL 1077093, at *5 (S.D.W. Va. Mar. 14, 2013) (Chambers, J.) (quoting *Lockhart v. Airco Heating & Cooling*, 567 S.E.2d 619, 624 (W.Va. 2002)). "Tort liability of the parties to a contract arises from the breach of some positive legal duty imposed by law because of the relationship of the parties, rather than a mere omission to perform a contract obligation." *Id.* (emphasis in original). "Whether a "special relationship" exists between the parties beyond their contractual obligations is 'determined largely by the extent to which the particular plaintiff is affected differently from society in general.'" *Id.* (quoting *Aikens v. Debow*, 541 S.E.2d 576, 589 (W.Va. 2000)). "In the lender-borrower context, courts consider whether the lender has created such a 'special relationship' by performing services not normally provided by lender to a borrower." *Warden v. PHH Mortg. Corp.*, No. 3:10-CV-75, 2010 WL 3720128, at *9 (N.D.W. Va. Sept. 16, 2010).

Although the parties are in a contractual relationship as to the mortgage, the Defendants have argued, and the Court has found, that the mortgage contract does not address the disbursement of insurance proceeds. This dispute arises not from the servicing of the mortgage, but from the parties' status as joint payees of the insurance check. JPMorgan's duty likewise arises from its status as joint payee of the insurance check and the obligation it accepted to disburse the funds after instructing the Plaintiff to endorse the check and send it to JPMorgan. Thus, the duty alleged does not arise from the contract.

To the extent a special relationship is required because the parties' contractual relationship led to the insurance payee relationship and corresponding duty, the Court finds that Plaintiff has adequately alleged facts establishing such a special relationship. The Plaintiff alleges that JPMorgan "informed Mr. Miller that he had to endorse the check and send it to JPMorgan Chase Bank, N.A. and they would disburse the insurance proceeds to him as the work was conducted." (Compl. at ¶ 13.) That conversation, in combination with the parties' alleged actions in handling the check, would be sufficient to support a finding that there was a special relationship between the Plaintiff and the Defendants related to the insurance payment.

Thus, whether the asserted duty to appropriately manage and disburse the settlement funds is viewed as separate from the contractual relationship or viewed as the product of a special relationship layered over the contractual relationship for the mortgage, the Court finds that the Plaintiff has adequately alleged a legal duty. The Plaintiff has also alleged that the Defendants breached its duty by failing to disburse any funds for work on the roof that he paid out of pocket or for additional necessary work. He alleged that he suffered damages, including financial losses and further damage to his home, as a result. The Court finds that the Plaintiff has alleged sufficient facts to state a claim for negligence. Accordingly, the Defendants' motion to dismiss Count IV should be denied.

### D. *Count V: Violation of the Uniform Commercial Code*

Finally, the Defendants seek dismissal of the Plaintiff's Uniform Commercial Code (UCC) claims alleged in Count V. The Defendants argue that Article 2 of the UCC does not apply to the Plaintiffs claims because neither the mortgage itself nor the payment of insurance proceeds are covered by the UCC, as there was no sale of goods involved. The Plaintiff counters that there

were goods involved in the contract between he and the contractor he hired to repair the roof, and that the Defendants' failure to distribute his insurance proceeds "tortuously interfered with Plaintiff's attempt to get a contractor to install the roof." (Pl.'s Resp. in Opp. at 6.) The Plaintiff contends that this contract for goods brings the UCC into play, and that the Defendants violated the UCC by failing to disburse payments.

The Court finds that the Defendants' motion should be granted as to Count V. Article 2 of the UCC, found in W.Va. Code § 46-2-101 et seq., applies to sales. Pursuant to § 46-2-106(1), "[a] 'sale' consists in the passing of title from the seller to the buyer for a price." Further, pursuant to W.Va. Code § 46-2-102, "this article applies to transactions in goods." The same code section defines "goods" as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale other than the money in which the price is to be paid . . ." W.Va. Code § 46-2-105(1).

Here, the Plaintiff alleges that he sent the Defendant a check for insurance proceeds and that the Defendant failed to disburse it. The Plaintiff has failed to allege any contract entered into between he and the Defendant regarding this particular check for insurance proceeds. The check itself came from the Plaintiff's homeowners insurance policy, and the only reason the Defendant was involved with the proceeds was because it escrowed the Plaintiff's monthly insurance payments. Thus, not only was there no sale involved in the conduct, there was no transaction in tangible goods between the Plaintiff and the Defendants regarding the conduct the Plaintiff has alleged. As such, Article 2 of the UCC does not apply to the alleged conduct, and the motion to dismiss Count V should be granted. Furthermore, insofar as the Plaintiff's response in opposition attempts to amend his complaint and make allegations not previously set forth, such new

12

allegations are improper in this context and will not be considered by the Court. *See McNeely v. Wells Fargo Bank, N.A.*, No. 2:13-CV-25114, 2014 WL 7005598, at *6 (S.D.W. Va. Dec. 10, 2014) (Goodwin, J.).

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Defendant JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiff's Complaint* (Document 16) and *Rushmore Loan Management Services, LLC's Joinder in JPMorgan Chase Bank, N.A.'s Partial Motion to Dismiss Plaintiff's Complaint* (Document 21) be **CONSTRUED** as a joint motion for partial dismissal and that the joint motion be **GRANTED** as to Counts I, III, and V and **DENIED** as to Count IV.[2]

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 16, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[2] The Court notes that after the writing of this Opinion, the *Joint Notice of Settlement* (Document 54) was filed. Since the Court has construed this as a joint motion, the rulings contained herein will apply to Rushmore Loan Management Service, LLC.